**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-2305**

_____

ANTONIO JOSUE AVILES-RAMIREZ,

Petitioner,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Department of Homeland Security.

_____

**No. 24-2204**

_____

ANTONIO JOSUE AVILES-RAMIREZ,

Petitioner,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  October 30, 2025                          Decided:  November 3, 2025

———————————

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Petitions denied by unpublished per curiam opinion.

———————————

Antonio Josue Aviles-Ramirez, Petitioner Pro Se.  Elizabeth Melia Dewar, Carlton Frederick Sheffield, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated matters, Antonio Josue Aviles-Ramirez (Aviles), a native and citizen of El Salvador, petitions for review of (a) the reinstated order of removal issued by the Department of Homeland Security (DHS) (No. 23-2305); and (b) an order of the Board of Immigration Appeals dismissing Aviles' appeal of the immigration judge's oral decision denying his applications for withholding of removal and protection under the Convention Against Torture (CAT) (No. 24-2204).  As described below, we deny the consolidated petitions for review.

As related to No. 23-2305, we observe that Aviles' informal brief does not challenge or otherwise address the reinstatement order.  Accordingly, Aviles has forfeited review of that order.  *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).

As related to No. 24-2204, we have reviewed the arguments that Aviles does raise on appeal in light of the administrative record, including the transcript of Aviles' merits hearing and the supporting evidence, and the relevant legal authorities.  We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B)—including the adverse credibility finding[*]—and that substantial evidence supports the denial of withholding of removal, *see Cortez-Mendez*

---

[*] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

*v. Whitaker*, 912 F.3d 205, 208-11 (4th Cir. 2019) (conducting substantial-evidence review of the agency's denial of petitioner's claim for withholding of removal). *See also Ilunga*, 777 F.3d at 207 (recognizing that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)). We also agree that the evidence independent of Aviles' testimony was insufficient to meet Aviles' burden of proof for either withholding of removal or protection under the CAT. Finally, we do not consider the evidence advanced by Aviles for the first time in conjunction with this proceeding because it is not part of the certified administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").

Accordingly, we deny the consolidated petitions for review. *See In re Aviles-Ramirez* (D.H.S. Dec. 5, 2023; B.I.A. Nov. 5, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITIONS DENIED*

4